I would like to try to reserve two minutes of my argument time for rebuttal if I can. With regards to the issue of the proportionality doctrine in self-defense, I think the two crucial words in the magistrate judge's verdict are the words strong enough that indicate that in rendering his verdict, the magistrate judge misapplied the proportionality doctrine of self-defense. Why is that, though? Why isn't saying something is strong enough or forceful enough or hard enough a direct comment on proportionality? I mean, there was testimony by the mother and aunt, as I recall, that the victim was the initial aggressor. Right. The magistrate judge clearly discounted their testimony that he didn't hold her up by the neck. They claimed it was sort of holding by elbow of some sort. And so with all of that, why isn't it appropriate for the magistrate judge to be commenting on the type of injuries that she received to reflect the proportionality doctrine? Well, except I think the injuries are consistent with the testimony of those two defense witnesses. Irina Costa testifies actually specifically that Mr. Magbaleta pushed Ms. Magbaleta away with his elbow into her chest below her neck against the wall. So she is testifying to sort of the arm up against the window, which is pretty consistently what everyone testifies. Well, no, that's not what the victim testified to. And I think what the magistrate judge was most impressed by, as he put it, was not only the testimony, but the testimony coupled with the photographs, which apparently show bruising around the neck up towards the ear. They do, yes. And that clearly, it seems to me, is very inconsistent with the testimony of Ms. Costa and the mother in this matter. But I think they're entirely consistent, because they both essentially testify to this arm against the neck up against the wall. And you end up with the bruising on the neck with it? I think that's absolutely consistent, yes. I mean, it, you know, the pictures are in evidence. And my recollection of what they show is long marks down like this against the neck. And, in fact, on her direct examination, Ms. Magballeda testified, oh, it left a handprint. And then when I attempted to impeach that, she actually denied having ever said it on direct examination, said, no, no, no, there was no handprint, because there was. There's just sort of a long mark on her neck that I think is entirely consistent. Don't we work, though, with the presumption that a judge knows the law, and you would have to rebut that presumption in this case? That's true. And that's where I think the words strong enough come in. I should say, first of all, I think it's actually an open question whether there is a proportionality requirement at all in the case of nonlethal self-defense, because generally that's where it comes up is someone hits me and I shoot them to protect myself. That's where proportionality doctrine comes in. For instance, there is no such thing as imperfect self-defense in anything other than a murder to manslaughter case, because I don't even think it has necessarily been decided that the nonlethal use of force must be proportional. But even if it must be proportional, even if you assume that that's implicit in the reasonableness of the self-defense doctrine, it's not a mathematical one-to-one. And part of what I think you have to do in looking at the magistrate judge's verdict is look at the final argument that the prosecutor made. The prosecutor did not argue, Your Honor, you should believe Ms. Magdalena, disbelieve the four defense witnesses and a significant portion of Ranger Foster's testimony who we presented. If that had been what the government had argued and the judge had said, yep, I agree, I believe Ms. Magdalena, I disbelieve the other recipient witnesses in the room, we'd just be in a Jackson v. Virginia question of whether the evidence was legally sufficient. But by final argument, the prosecutor is essentially saying, okay, maybe she was the aggressor, maybe we have self-defense here, but he overreacted. And at that point, to the extent that the magistrate judge blesses that, and he essentially incorporates by reference the prosecutor's closing argument in his verdict, he's, I think, mistakenly buying into that belief that it's a one-to-one thing, that if she's slapping him in the back and he's shoving her hard with the neck against a window, that that can't be self-defense. But if the purpose of what he did is to get her off of him and hold her down, and everyone in the room other than Ms. Magdalena testified to precisely that, this was about getting her off of him, getting her calmed down, and getting her restrained. Then it is simply of no moment that she wound up injured, even significantly injured, and he wound up uninjured, if his action was to get her off of him. What if this was a jury trial, the same evidence went before the jury, and the jury was appropriately instructed on the law? Would you be here arguing sufficiency of the evidence after a conviction? But it begs the question of appropriate instruction. Would you be arguing that? Well, if the judge instructed the jury consistent with the verdict he rendered in this case, we'd be hearing an issue of incorrect jury instruction. That would be the problem. It seems to me in this case, the jury instruction, the prosecution, it sounds like would have asked for, and I suspect the judge would have given, is if he used in self-defense force in excess of the force he was seeking to repel, there's no self-defense. And if that were the instruction, we'd absolutely be here. And I think it would be a clear reversal. And it seems to me that that is the legal error that the judge made, that would have been instructional error had it been given to the jury, because that is the final argument the government's making. Even if she was the aggressor, even if he was using the force to repel her, he used too much. And that's the word. It's the word strong enough. The judge seems to be saying it doesn't matter who started it. It doesn't matter that he was attempting to repel the force. It was simply too much. Because at the end of the day, you know, the prosecutor essentially argues she ended up hurt and he didn't. And that's not the law of self-defense. But counsel, for our purposes, the standard of review we're dealing with here, is it not, is sufficiency of the evidence. Do you disagree with that? Oh, I do disagree with that. You do? Yes. What do you think it is? I think we are here under the de novo question of whether the magistrate judge applied the appropriate legal standard in rendering the verdict. And why do you believe that we get to that point? The magistrate judge made the comment that you're talking about. But the reality is, if you look at the evidence that was put on in the trial, he could have come to the same conclusion, whether or not a closing argument was made as you indicated. Isn't that correct? I guess I'm not sure I understand the question. During the testimony, arguments were made about what he did, the reaction, all of these sorts of things. Could not the magistrate judge have come to the conclusion that he did, based upon evidence that was presented in the trial, and regardless of the closing argument by the government? Well, had the magistrate judge instead said, I credit the testimony of Ms. Magballeda, and to the extent that Ranger Foster, the two percipient witnesses, Mr. Forney, the other aunt who was in the outside cabin, contradict that evidence, I believe Ms. Magballeda, over all those other witnesses, I suspect we'd be here on clear error review. Because I don't actually think this transcript permits anyone. And I think that's why it's interesting. But isn't that really what he did? No, that's absolutely not what he did. And that's why I think we're not here in a Jackson v. Virginia posture. When he says these photographs are key to me, that's what he's saying. These photographs are key to me. And what he's saying is these photographs are inconsistent with the testimony of Ms. Acosta and the mother. But see, I think he's clearly saying, with all due respect, Your Honor, I disagree. I think he's saying these photographs are indicative of too much force. That's where the words strong enough come in. I look at these photographs, and he clearly used force strong enough to cut her twice in the back and bruise her. And strong enough is simply not the question if it's clear she's the aggressor and it's clear that the use of force was used to protect himself and his 3-year-old daughter who's standing very nearby. Let me read to you a statement of law from U.S. v. Briggs and ask if you agree with this. If this was given to the jury, do you agree that if it was a jury, it would be an appropriate statement of the law? In order to make out a prima facie case of self-defense, a defendant must make an offer of proof as to two elements. One, a reasonable belief that the use of force was necessary to defend himself or another against the immediate use of unlawful force. And two, the use of no more force than was necessary, reasonably necessary in the circumstances. Yes. That's in my brief. That is the two-part test that this Court laid out in Briggs, and I think that is an accurate statement of the law. Okay. So if there was a jury trial, going back to that, and the jury was given this instruction and they convicted, would you be making a sufficiency of the evidence argument? No. If that were the instruction, but I have to say, under the hypothetical, I can't imagine the jury convicts him, because the problem is no more reasonable than is necessary. It's not a mathematical equation. It's not she hits him with three units of force and he can only repel her with three units of force. It's what did he need to do to restrain her. She's a whirling dervish. She has a right to get her off of him. And if she uses three units of force and he uses ten units of force to respond and she comes out injured in the process, that is still a valid use of self-defense. And there is certainly, that I know of, no case law that says one-to-one proportionality. And there may have had to be an argument about subsequent instructions or additional instructions, I think, in that case about what is no more force than is reasonably necessary. But that's not what I understand the magistrate judge to be saying. I look at these pictures and he used more force than was necessary to restrain her when she was attacking him. What he's saying is he just used too much force, period. And it begs the question in this case, I think, could the government not have called her as a witness? Could they have just put in the photos, put in evidence that Mr. Magdalena wasn't injured and say more force than necessary? No. It depends on who starts it and what is the objectively reasonable thing that Mr. Magdalena had to do to repel her. And I think that's what's clearly missing in the magistrate judge's verdict. Thank you, counsel. Thank you. Good morning. May it please the Court. My name is Cheryl Carvalho, assistant U.S. attorney representing the United States. There was sufficient evidence to support the defendant's assault conviction and to overcome a claim of self-defense. The magistrate judge correctly is the ex ‑‑ provides the exclusive province as a trier fact in this case and properly credited the testimony of the victim over that of the defense witnesses. When the finder of fact, in this case the judge, bases his decision by crediting testimony of one or more witnesses, which is coherent and basically plausible and not contradicted by extrinsic evidence, that finding is virtually never clear error. In this case, I think it's significant that when first approached by law enforcement in Yosemite, the defendant denied any altercation had taken place. That denial of any altercation taking place, that certainly nothing was said by the defendant that the victim had in any way assaulted him or that there was any need to defend himself, is also corroborated by the lack of injuries on the defendant. And there were a number of witnesses who testified they saw no injuries on the stepfather and one of the aunts, a Yosemite ranger who interviewed the defendant shortly after the altercation saw no injuries and so testified. That, in very great contrast, as the judge properly found, were significant injuries to the victim, which were noted in addition to the photographs that are in evidence before the court, which were noted by responding ranger at the time of the incident saw injuries on the victim, excuse me. In addition, even her stepfather, who was a defense witness, testified, yes, she might have been injured somewhat and he saw some redness around her neck. Certainly, as correctly noted by the judge, such injuries were not consistent with the defense claim of what happened in this case, that he was simply trying to prevent her from hurting him and or his three-year-old daughter. There are significant injuries consistent with holding her tightly by the neck. There's even defense testimony, as noted in the transcript, that two of the defense witnesses, that is the mother and the aunt who were eyewitnesses, had to tell the judge that he was holding her up and using enough force to cause lacerations in her back, not consistent with simply holding her away. Counsel, you would agree, would you not, that the record does not show that the magistrate judge specifically stated the standard for self-defense. Do you agree with that? I believe that's correct, Your Honor. So under the circumstances, since there's nothing in the record that talks about that, are we obligated to, in effect, just assume that the magistrate knew the law and applied the law? Is that the standard? Your Honor, if I'm not mistaken, I believe the prosecutor stated, and it was not myself arguing the case at that level, but I believe the prosecutor indicated that, correctly stated, that in a case of self-defense, the burden does shift to the prosecution to disprove it beyond a reasonable doubt, and I think in this case it has. So you're saying that because the government stated the standard, that that was a reminder to the judge and that we should presume that the judge properly applied that? I think, Your Honor, that based on the statements of the judge in this case, that he did find that properly. And also, the amount of force used must be objectively reasonably related to the threatened harm, and I think it's clear from all the evidence in the record that that was not the case in this case, that the defendant did not use reasonable force in this case. Again, the judge properly considered such things as the victim's injuries, which were not consistent with the defense claims, contradictions between the defense witnesses, the difference in size between the victim and the defendant. The defendant was quite a bit larger than the victim. And I think really one of the most significant factors, in addition to the injuries themselves, were the fact that the defendant denied any altercation, even transpiring, when he was first approached by law enforcement. This certainly does not help any defense claim that he was reacting in self-defense or that he was assaulted in any way by the victim in this case. There was another issue raised in the defense brief, which has not been highlighted here. So if the Court would like, I can go into the admission of the medical screening form or not, depending on the Court's wishes on that. But unless the Court has further questions, the government would simply request that the conviction be affirmed. Roberts. Thank you. Thank you. Ms. Luneta, you used all of your time. If you need an additional 30 seconds, I will give you 30 seconds. If I could, thank you, Your Honor. I simply wanted to correct what I think is a factual misstatement by the government's counsel. Ranger David Horne, who was the Responding Ranger who interviewed Mr. Magbeleda, said that the first statement that Mr. Magbeleda made was nothing happened, but that when asked specifically about the altercation with his sister, he said he had been arguing with her and teasing her when she, quote, came at him, that Mr. Magbeleda told him, this is Ranger Horne, that he put his hands out to block her, that he tried to calm her down and keep her away from him by holding her against the wall by using his elbow on her neck. So he didn't deny the altercation. His initials, they said, what's going on? He said, nothing's happening. And they said, what happened with your sister? And he gave testimony, or gave a statement to the Rangers at the time, completely consistent with the testimony both of the defense witnesses and the photographs and evidence. Thank you very much. United States v. Magbeleda is submitted.
judges: Goodwin, Bybee, Seabright